UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:13-cv-23878-UU

ATUL KAMAR SOOD, individually,
and on behalf of all others similarly situated,

    Plaintiff,

v.

CATALYST PHARMACEUTICAL PARTNERS
INC. and PATRICK J. MCENANY,

    Defendants.
_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL [ECF No. 110]**

Defendants Catalyst Pharmaceutical Partners, Inc. ("Catalyst" or the "Company") and Patrick J. McEnany ("McEnany," and together with the Company, "Defendants"), hereby respond in opposition to Plaintiffs' "Motion to Compel Amendment of Discovery Responses Under Federal Rule of Civil Procedure 26(e) and Production of Responsive Documents" [ECF No. 110] (the "Instant Motion to Compel").

**MEMORANDUM OF LAW**

On May 27, 2014, Defendants served their Objections and Responses to Plaintiffs' First Request for the Production of Documents. Pursuant to S.D. Fla. L.R. 26.1(h)(1), Plaintiffs had thirty days to move to compel the production of documents purportedly responsive to their First Request for the Production of Documents. And, Plaintiffs did file a timely motion to compel on June 26, 2014. *See* Pls.' Mot. to Compel Production of Documents Notwithstanding General and/or Repeated Objections [ECF. No. 63] (the "Prior Motion to Compel"). The issues raised in

Plaintiffs' Prior Motion to Compel were ruled on after hearing on July 15, 2014. *See* Order on July 15, 2014 Hearing [ECF No. 88].

But now, seventy-nine (79) days <u>after</u> the deadline, Plaintiffs seek a "do-over" under the guise that a document produced by Defendants somehow provides them with justification for returning to this Court to revisit already determined issues. However, as discussed below, Plaintiffs have no reasonable cause for filing this exceedingly belated motion. Moreover, Rule 26(e), on which Plaintiffs rely, provides no support for the relief they seek. Finally, even if this Court were to entertain Plaintiffs' belated motion, and even if this Court were to find that Rule 26(e) applied, the documents Plaintiffs seek to discover are irrelevant, not likely to lead to the discovery of admissible evidence, and unduly burdensome to search for and produce. Accordingly, the Instant Motion to Compel should be denied.

I.   BACKGROUND

   A.   Introduction

Catalyst is a pharmaceutical company that obtained Breakthrough Therapy Designation from the U.S. Food and Drug Administration ("FDA") for its drug Firdapse™ ("Firdapse"), in development to treat the rare disease Lambert-Eaton Myasthenic Syndrome ("LEMS"). Plaintiffs allege that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 by misleading investors, in a press release announcing the Breakthrough Therapy Designation, as to the availability of an alternative, purportedly effective, treatment option for LEMS. However, information disclosing alternative treatment options was publicly available to investors both before, during, and after the class period, was disclosed again and again by Catalyst, and was also disclosed by analysts following the Company's stock. The

central issue in this case, therefore, is what information was publicly available to investors regarding treatment options for LEMS patients.[1]

### B.     The Prior Motion to Compel

On April 24, 2014, Plaintiffs served their First Request for the Production of Documents on Defendants (the "First Request"). On May 27, 2014, Defendants timely served their Objections and Responses to Plaintiffs' First Request. Defendants objected to the First Request's definition of the Relevant Time Period as January 1, 2011 to the Present. *See* Defendants' Objections and Responses to Plaintiffs' First Request for the Production of Documents [ECF No. 111-1] at 4. Defendants stated:

> Defendants specifically object to Plaintiffs' definition of the "Relevant Time Period" for this Action as January 1, 2011 to the Present. Plaintiffs' definition is overbroad, unduly burdensome, and, given the allegations contained in Plaintiffs' Second Amended Class Action Complaint for Violations of the Federal Securities Laws [ECF No. 41] and that the putative class period is only from August 27, 2013 to October 18, 2013, not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, Defendants will limit their responses to the period from October 31, 2012 to October 25, 2013 (the "Modified Relevant Time Period"). Therefore, when noted that Defendants will produce documents, Defendants will produce non-privileged, responsive documents only from this Modified Relevant Time Period, which is more reasonable and more narrowly tailored to Plaintiffs' allegations.

*Id.*

With respect to the three Requests that are at issue in the Instant Motion to Compel, Requests Nos. 6, 17, and 36, Defendants further responded as follows:

---

[1] Plaintiffs characterize the central issue in this case as "what Defendants knew when they stated that there was 'no approved or effective symptomatic treatment available for LEMS.'" Instant Mot. to Compel [ECF No. 110] at 2. That is incorrect. In this case, and indeed in every similar securities fraud statement case, the claimant's case rises and falls first and foremost on whether there was in fact a material misrepresentation. *See, e.g.*, *In re Andrx Corp., Inc.*, 296 F. Supp. 2d 1356, 1366 (S.D. Fla. 2003) ("The truth on the market doctrine is a corollary to the fraud on the market doctrine, pursuant to which 'a misrepresentation is immaterial if the information is already known to the market because the misrepresentation cannot then defraud the market.'").

**Request NO. 6:**

All documents concerning Jacobus.

**RESPONSE:**  Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object to this Request because it seeks documents from beyond the Modified Relevant Time Period.  Defendants further object to this Request to the extent that it seeks Privileged Information. Subject to the foregoing objections, Defendants will produce non-privileged documents during the Modified Relevant Time Period concerning Jacobus that relate to the effectiveness of 3,4 DAP for the treatment of LEMS.

**Request NO. 17:**

All documents concerning 3,4 DAP or Firdapse obtained or created prior to October 31, 2012.

**RESPONSE:** Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object to this Request because it seeks documents from beyond the Modified Relevant Time Period.  Defendants further object to this Request to the extent that it seeks documents that are not in Defendants' possession, custody, or control.  Defendants finally object to this Request to the extent that it seeks Privileged Information.

**Request NO. 36:**

All documents concerning the availability of 3,4 DAP in the United States.

**RESPONSE**:   Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs' claims rely solely on Defendants' alleged misrepresentation that there was no effective treatment for LEMS.  The documents requested are irrelevant to that issue.  Defendants also object to this Request because it seeks documents from beyond the Modified Relevant Time Period.  Defendants further object to this Request to the extent that it seeks documents that are not in Defendants' possession, custody, or control. Defendants further object to this Request to the extent that it seeks Privileged Information.  Defendants finally object to this Request to the extent that it seeks documents publicly or readily available from other sources.

On June 26, Plaintiffs served their Prior Motion to Compel. [ECF No. 63]. In their Prior Motion to Compel, Plaintiffs sought to have the Court overrule Defendants' objections and compel production as to, *inter alia*, Requests Nos. 6 and 36, two of the requests that are addressed in the Instant Motion to Compel. With respect to Request No. 17 — the only other Request addressed in the Instant Motion to Compel — Plaintiffs never sought to overrule Defendants' objections. **Because Plaintiffs acquiesced to Defendants' objections to Request No. 17, Defendants have no obligation to produce any documents in response to Request No. 17.**

With respect to Request Nos. 6 and 36, Plaintiffs never challenged Defendants' Modified Relevant Time Period. Instead, Plaintiffs challenged Defendants' relevance objection by raising the sole argument that Defendants should not be limited in their production to "smoking gun" documents that "discuss the effectiveness of 3,4, DAP in treating LEMS." *See* Prior Mot. to Compel [ECF No. 63] at 5-6. Plaintiffs argued that Defendants should be compelled to produce documents relating to 3,4 DAP's "wide use in the U.S.," and 3,4 DAP's "safety." *Id.* at 5. Thus, the Prior Motion to Compel stated:

> Defendants should be ordered to produce documents responsive to the following requests for production, notwithstanding their relevance objection:
>
> - **6**, 7, 8, 9 (documents and communications with or concerning Jacobus, the third party that provided 3,4, DAP to LEMS patients in the U.S.)
>
> - 35, **36** (documents concerning 3, 4 DAP's availability in the U.S., including through compounding pharmacies);

*Id.* (emphasis added).

In the Prior Motion to Compel, Plaintiffs additionally challenged Defendants' Modified Relevant Time Period, but only with respect to Requests Nos. 30, 31, 32, 33, and 34 — none of which are at issue in the Instant Motion to Compel. *Id.* at 6–7.

### C. Order on Prior Motion to Compel

The Court considered the Prior Motion to Compel on July 15, 2014, and held, in relevant part, as follows:

> 1. In addition to producing responsive documents for the time period from October 31, 2012 to October 25, 2013, Catalyst shall produce responsive documents contained in the due diligence materials (whether in paper form or in the form of an electronic data room) related to Catalyst's acquisition of the Firdapse license from Bio Marin.
>
> 2. The scope of Catalyst's production shall include documents related to the effectiveness, use and safety of 3,4-Dap from the following sources: Jacobus; compounding pharmacies; and LEMS patients (outside of the setting of ongoing clinical trials for Firdapse).

Order on July 15, 2014 Hearing [ECF No. 88].

### D. The Instant Motion to Compel

On August 28, 2014, Defendants made their fourth production of documents in response to the First Request. Among the documents produced was an e-mail from Catalyst's CEO, Patrick McEnany, dated November 15, 2012 (the "November 15th E-Mail"). *See* [ECF No. 111-2]. Mr. McEnany was responding to a question from a securities analyst (who publishes public reports about Catalyst's business and future prospects) with respect to Catalyst's disclosure in a public filing that there was another company in a Phase II trial with a 3,4 DAP molecule. In response, Mr. McEnany advised the securities analyst:

> The other company is Jacobus Pharmaceuticals, they have been supplying the product on a compassionate use basis for about 20 years.
>
> They are in a supposed Ph.2 and we believe that they are custom compounding the product (non GMP) on an as needed basis.
>
> We did a lot of due diligence on them and believe that if they are a threat at all that we are well ahead of them.

Nov. 15th E-Mail [ECF No. 111-2].

Plaintiffs now argue that Defendants should be compelled pursuant to Rule 26(e) to amend their responses to Requests Nos. 6, 17, and 36 to include documents created prior to October 31, 2012. *See* Instant Mot. to Compel [ECF No. 110] at 2. Plaintiffs contend Defendants must do so despite the fact that this Court has already ruled on their Prior Motion to Compel; despite the fact that Plaintiffs never challenged the Modified Relevant Time Period for Requests Nos. 6, 17, and 36; despite the fact that Defendants clearly have no existing obligation to produce the documents Plaintiffs seek; and despite the fact that the documents Plaintiffs seek are beyond the scope of discovery. Plaintiffs are wrong, and the Instant Motion to Compel should be denied.

## II.     LEGAL STANDARDS

Federal Rules of Civil Procedure 37(a)(1) and 37(3)(B)(iv) provide the mechanism by which a party may move to compel discovery following the other party's objection to the propounded discovery request. Southern District of Florida Local Rule 26.1(h)(1), in turn, provides that:

> *Time for Filing.* All motions related to discovery, including but not limited to motions to compel discovery and motions for protective order, shall be filed within thirty (30) days of the occurrence of grounds for the motion. Failure to file a discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought.

*See also* S.D. Fla. L.R., App'x A, Discovery Practices Handbook, at VI.C. "[T]here is a presumption that the failure to timely file the discovery motion may constitute a waiver of the relief sought." *Procaps S.A. v. Patheon Inc.*, No. 12-24356, 2014 WL 1230737, at *2 (S.D. Fla. March 25, 2014) (denying untimely motion to compel where plaintiff's grounds for motion had been known to it well before the thirty-day deadline). That presumption may be overcome only by a showing of reasonable cause for the delay. *Id.*; *see also Manno v. Healthcare Revenue*

*Recovery Group, LLC*, No. 11-61357, 2012 WL 1409532, at *2 (S.D. Fla. April 23, 2012) (denying motion to compel filed three days late and stating, "[O]nce a party seeking discovery learns that the opposing party objects to providing the requested discovery, the first party must seek relief from the court within thirty days or else be deemed to have waived such relief.").

Federal Rule of Civil Procedure 26(e) provides:

Supplementing Disclosures and Responses.

(1)     In General.  A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response:

(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

(B)     as ordered by the court.

Rule 26(e)'s duty to supplement presupposes a duty to provide the sought-after discovery in the first place.  *See, e.g.*, *Ward v. Nat'l Geographic Society*, No. 99-12385(LAK), 2002 WL 27777, at *2 (S.D.N.Y. Jan. 11, 2002) (holding that defendants had no duty to supplement because they had no duty to disclose in the first place); *Hnot v. Willis Group Holdings Ltd.*, No. 01-6558(GEL), 2006 WL 2381869, at *5 (S.D.N.Y. Aug. 17, 2006) (holding defendants were not required to supplement discovery responses under Rule 26(e) because the documents plaintiffs sought were for a time period outside of that encompassed by the requests for production).

### III. ARGUMENT[2]

#### A. Plaintiffs' Motion to Compel is Untimely

Plaintiffs cannot seriously contend that the November 15th E-Mail revealed some novel twist in this case. The November 15th E-Mail simply states facts that already were in the public domain – that Jacobus Pharmaceuticals ("Jacobus") was the other company conducting a clinical trial of a 3,4 DAP molecule and that Mr. McEnany believed Catalyst was well ahead of Jacobus. Plaintiffs' own Second Amended Complaint filed on April 4, 2014 discussed this knowledge in an effort to allege scienter. *See* ECF No. 41 at ¶¶ 110-111. Plaintiffs stated:

> 110. On September 5, 2013, Catalyst filed a prospectus to sell $15,136,000 of its stock, with proceeds to Catalyst. The prospectus misleadingly stated that:
>
>> In January of 2012, another pharmaceutical company began its own ***Phase II trial*** studying their own formulation of amifampridine for the treatment of LEMS. While there can be no assurance we believe that Firdapse is ***further along in development*** and as a result we expect that we will be in a position to file an NDA first for amifampridine phosphate.
>
> 111. The statement was misleading because Catalyst had no reason to think it was ahead of Jacobus in conducting its pivotal clinical trial.

*Id.* (emphasis in original). Thus, Plaintiffs' statements in the Second Amended Complaint are, in substance, no different than the November 15th E-Mail, which stated that Jacobus was the other company with a 3,4 DAP molecule; that Jacobus was in a Phase II trial; and that Catalyst was well ahead of Jacobus. Accordingly, if Plaintiffs believed that they were entitled to discovery regarding Jacobus for whatever period of time they deemed relevant, they had every opportunity from the time of filing their complaint to request that discovery and advocate for it.

---

[2] Defendants have limited their arguments in opposition to the Instant Motion to Compel to address the limited issues raised therein. However, Defendants continue to reassert each of their objections which have not been previously overruled by this Court in its Order on July 15, 2014 Hearing. Defendants do not intend to abandon any of their objections, which are expressly incorporated herein.

And they, in fact, seized that opportunity. In their First Request, Plaintiffs sought documents from January 1, 2011 to the Present concerning Jacobus (Request No. 6); documents from January 1, 2011 to October 31, 2012 concerning 3,4 DAP or Firdapse (Request No. 17); and documents from January 1, 2011 to the Present concerning the availability of 3,4 DAP in the United States (Request No. 36). Defendants objected to each of these requests on the grounds that the relevant time period was from October 31, 2012 to October 25, 2013 (the "Modified Relevant Time Period"). In their Prior Motion to Compel, **Plaintiffs did not challenge the Modified Relevant Time Period as it applied to Requests Nos. 6, 17, and 36**. *See* Prior Mot. to Compel [ECF No. 63] at 6 – 7. Accordingly, Plaintiffs waived any challenge they might have had to this objection as it applied to Requests Nos. 6, 17, and 36, the only requests at issue in the instant motion.

The Instant Motion to Compel – which just seeks a re-do of the Prior Motion to Compel to add arguments challenging the Modified Relevant Time Period as it applies to Request Nos. 6, 17, and 36 – is more than three months late. Moreover, given that the Plaintiffs' own allegations show that nothing about the November 15th E-Mail is a novel revelation in this case, Plaintiffs have not provided any reasonable cause for the late filing of the Instant Motion to Compel. Therefore, Plaintiffs' Motion should be denied. *See Procaps S.A. v. Patheon Inc.*, 2014 WL 1230737, at *2; *Manno v. Healthcare Revenue Recovery Group, LLC*, 2012 WL 1409532, at *2.

**B. Defendants Have No Duty to Supplement With Documents Outside of the Modified Relevant Time Period**

Plaintiffs' attempt to hide their own lack of diligence behind Rule 26(e) is unavailing. Defendants have no duty to supplement their responses and production where they have properly objected to the discovery sought, and Plaintiffs have failed to timely challenge those objections. Following this Court's Order on July 15, 2014 Hearing, the only documents that Defendants

have an obligation to produce for the time period preceding October 31, 2012 are "documents contained in the due diligence materials (whether in paper form or in the form of an electronic data room) related to Catalyst's acquisition of the Firdapse license from Bio Marin."  *See* [ECF No. 88 at ¶ 1].  Plaintiffs acquiesced in Defendants' objection to the relevant time period with respect to every request for production, save for Requests 30 through 34 (none of which are at issue now).  Nevertheless, Plaintiffs now belatedly seek an order compelling Defendants to produce documents pre-dating the Modified Relevant Time Period for Requests Nos. 6, 17 and 36.  Plaintiffs' request is in reality not for Defendants to supplement their responses pursuant to Rule 26(e); it is a request to assert untimely challenges to properly asserted objections more than two months after this Court settled those issues.  Rule 26(e) is not intended to be utilized for this purpose.  *See, e.g.*, *Ward v. Nat'l Geographic Society*, 2002 WL 27777, at *2; *Hnot v. Willis Group Holdings Ltd.*, 2006 WL 2381869, at *5.

    C.  The Production Sought is Irrelevant and Not Likely to Lead to the Discovery of Admissible Evidence

Even if Plaintiffs' Motion to Compel were not 79 days late, which it is, and even if Rule 26(e) provided a basis for requiring a party to supplement its production with documents it had no obligation to produce in the first place, which it does not, Plaintiffs' motion should nonetheless be denied because the documents sought are irrelevant and not likely to lead to the discovery of admissible evidence.  The putative class period in this action is narrowly defined by Plaintiffs as August 27, 2013 to October 18, 2013.  The only alleged misrepresentation pertains to a single press release announcing Firdapse's Breakthrough Therapy Designation on August 27, 2013.  The central issue in this case is whether publicly available information informed investors of treatment options for LEMS patients.

Pursuant to this Court's July 15, 2014 Order, Defendants will already be providing Plaintiffs with all responsive documents contained in the due diligence materials related to Catalyst's acquisition of the Firdapse license from BioMarin for the time period of January 1, 2011 to the time of service of the First Request (the "BioMarin Due Diligence Documents"). The BioMarin Due Diligence documents are segregated in a "data room," making their review a somewhat more reasonable task. By contrast, if Defendants were required to now search for any Jacobus "due diligence" material, Defendants would have to parse through a much wider universe of documents at tremendous cost. Even for the limited time period of October 31, 2012 to October 25, 2013, Defendants had 150 GB of information, amounting to over 400,000 reviewable items. Given the tangential nature of any additional documents regarding Jacobus – if they even exist – to the real issues in this case, this search would be unduly burdensome. Therefore, to the extent that the documents Plaintiffs seek even exist, they are irrelevant, not likely to lead to the discovery of admissible evidence, and unduly burdensome to search for and produce.

### IV.    CONCLUSION

Defendants timely objected to Plaintiffs' First Request on May 27, 2014. Among the objections asserted by Defendants was an objection to the relevant time period. Plaintiffs chose to challenge some of Defendants' objections in their Prior Motion to Compel filed on June 26, 2014, but they failed to challenge the Defendants' Modified Relevant Time Period with respect to all of the requests at issue in the Instant Motion to Compel – Request Nos. 6, 17, and 36. Accordingly, Defendants had – and have – no obligation to produce any documents responsive to Requests Nos. 6, 17, and 36 that pre-date the Modified Relevant Time Period. Now, seventy-nine (79) days past the deadline for filing this motion, Plaintiffs seek to compel Defendants to

supplement their production with documents they have no obligation to produce in the first place. Plaintiffs have failed to raise any reasonable cause for their untimely motion, and Rule 26(e) imposes no such obligation on Defendants. Moreover, the documents Plaintiffs seek are irrelevant, unlikely to lead to admissible evidence, and unduly burdensome to produce. The Motion to Compel should be denied.

Dated: September 29, 2014

> **AKERMAN LLP**
> One Southeast Third Avenue
> 25th Floor
> Miami, Florida 33131-1704
> Telephone: (305) 374-5600
> Facsimile: (305) 374-5095
>
> By: /s/ Samantha J. Kavanaugh
>     Brian P. Miller, Esq.
>     Florida Bar No. 0980633
>     brian.miller@akerman.com
>     Samantha J. Kavanaugh, Esq.
>     Florida Bar No. 0194662
>     samantha.kavanaugh@akerman.com
>     Ross E. Linzer, Esq.
>     Florida Bar No. 0073094
>     ross.linzer@akerman.com
>
> *Counsel for Defendants Catalyst Pharmaceutical Partners, Inc. and Patrick J. McEnany*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of September, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Samantha J. Kavanaugh

- 13 -

**AKERMAN LLP, ONE SOUTHEAST THIRD AVENUE, SUITE 2500, MIAMI, FL 33131-1714**

- 14 -

## SERVICE LIST

Laurence M. Rosen, Esq.
Jonathan Horne, Esq.
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, NY  10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
E-mail: lrosen@rosenlegal.com
E-mail: jhorne@rosenlegal.com

*Court-Appointed Lead Counsel for Plaintiffs*

Jayne A. Goldstein, Esq.
Pomerantz, LLP
1792 Bell Tower Lane, Suite 203
Weston, FL  33326
Telephone: (954) 315-3454
Facsimile: (954) 315-3455
E-mail: jagoldstein@pomlaw.com

*Counsel for Plaintiffs*