UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-cv-23878-UU

| | |
|---|---|
| ATUL KAMAR SOOD, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>        Plaintiff,<br> vs.<br><br>CATALYST PHARMACEUTICAL PARTNERS INC., PATRICK J. MCENANY,<br><br>        Defendants. | MOTION SEEKING RELIEF IN CONNECTION WITH MEDIATION<br><br>CLASS ACTION |

   This is a securities class action brought by lead plaintiffs on behalf of Catalyst investors. Court-ordered mediation is taking place on October 20, 2014, in Miami. Mediation statements must be exchanged on October 13. We seek an order (a) allowing Class Representative Luis Vizcay Aranaz, who lives in Spain, to attend telephonically or by Skype, and (b) allowing the parties to show the mediator documents Defendants produced that they have designated "CONFIDENTIAL/ATTORNEYS' EYES ONLY" ("Attorneys' Eyes Only"). Plaintiffs have discussed the relief they seek with the Defendants. The Defendants object to allowing Mr. Vizcay Aranaz to appear telephonically because the Amended Order of Referral to Mediation (the "Mediation Order") (Dkt. # 129) calls for an in-person appearance, and object to allowing the mediator to see Attorneys' Eyes Only information because mediation statements will be shared with parties and the mediator.

### I. Appearance of Mr. Vizcay Aranaz.

The Mediation Order, and an earlier order entered by this Court referring this case to mediation, provide: "The appearance of counsel and each party is mandatory." Dkt. # 46, at 1; Dkt. # 127, at 1.

The two Class Representatives are Messrs. Vizcay Aranaz and Jared Pereira.

Jared Pereira resides in The Colony, Texas. He will attend the mediation in person. He will have full settlement authority.

Mr. Vizcay Aranaz resides in Madrid, Spain. It is about a 10 hour flight from Madrid to Miami. Mr. Vizcay Aranaz flew to Miami for his deposition. He will fly to Miami for trial. If the Court excuses his appearance, he will appear at the mediation telephonically or by Skype.

Defendants do not claim that Mr. Vizcay Aranaz's appearance will facilitate negotiations, or that Mr. Pereira will not have full authority to settle claims. They say only that the Mediation Order requires Mr. Vizcay Aranaz to attend in person, but that is not an objection to amending the Mediation Order.

Accordingly, the Court should permit Mr. Vizcay Aranaz to appear telephonically.

### II. Permitting documents to be shown to the mediator.

For the mediation to be successful, the parties and mediator must be able to engage in a full and frank discussion of the merits. A confidentiality order has been entered in this case. (Dkt. # 61). The terms of the confidentiality order were entered over Plaintiffs' objections. (Dkt. # 55, 60). The Defendants have designated certain of their documents Attorneys' Eyes Only, which generally prohibits disclosure, subject to certain exceptions. The exceptions do not include parties or mediators. (Dkt. # 61, at ¶ 5.)

The Defendants refuse to allow information obtained from documents they have designated Attorneys' Eyes Only to be provided to the mediator or to be used in mediation statements. Accordingly, the parties will not be able to have a full and frank discussion of the merits, because they will not be able to discuss information Defendants have designated highly confidential.

Defendants have offered to discuss documents on a case-by-case basis. There are two problems. The first is that mediations involve a frank and rapid exchange of information. Should Attorneys' Eyes Only information become relevant, counsel for the parties would first have to hold a closed session, without the parties or mediator, to discuss whether the documents could be shown to the mediator – an inefficient, time-wasting, and pointless endeavor. Second, to do his job, the mediator *must* have all information. Accordingly, even if Attorneys' Eyes Only information is not shown to the Parties, it must be provided to the mediator.

### III.   Conclusion.

The Court should permit Mr. Vizcay Aranaz to appear telephonically and order Defendants to permit use of Attorneys' Eyes Only information to the Parties (in the context of mediation) and/or the mediator.

Dated:  October 10, 2014                           Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

       /s/ Laurence M. Rosen
Laurence M. Rosen, Esq., Fla. Bar No. 0182877
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

                                                    Counsel for Class Representatives and the Class

## **CERTIFICATE OF SERVICE**

       I hereby certify that on October 10, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                    /s/ Laurence Rosen