UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:13-cv-23878-UU

LUIS   ARANAZ   and   JARED   PEREIRA,
individually, and on behalf of all others similarly
situated,

      Plaintiffs,

      vs.

CATALYST   PHARMACEUTICAL   PARTNERS
INC., and PATRICK J. MCENANY,

      Defendants.

## ORDER GRANTING CLASS REPRESENTATIVES' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, Class Representatives Luis Vizcay Aranaz ("Aranaz") and Jared Pereira ("Pereira," and together, "Class Representatives"), on behalf of themselves and the Class; and Catalyst Pharmaceutical Partners, Inc. ("Catalyst") and Patrick J. McEnany ("McEnany," and together, "Defendants"), have entered into a settlement of the claims asserted in the Litigation, the terms of which are set forth in the Stipulation and Agreement of Settlement, dated November 21, 2014 (the "Settlement Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Second Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") filed in this case; and the Court having read and considered the Settlement Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds

1

exist for entering this Order; and the Parties to the Settlement Stipulation having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this $\mathcal{2}$ day of December 2014, that:

1.     Capitalized terms used herein have the meanings defined in the Settlement Stipulation.

2.     Pursuant to the Court's Order dated September 29, 2014, the Litigation was certified as a class action on behalf of all persons or entities that purchased Catalyst Pharmaceutical Partners Inc. common stock during the period from August 27, 2013, through October 18, 2013, and who did not sell such securities prior to October 18, 2013, excluding: Defendants; any entities affiliated with Catalyst; the present and former officers and directors of Catalyst or any subsidiary or affiliate thereof; members of such excluded persons' immediate families and their legal representatives, heirs, successors or assigns; and any entity in which any excluded person has or had a controlling interest (the "Class").

3.     Pursuant to this Order, additionally excluded from the Class are those persons who file valid and timely requests for exclusion in accordance with this Order.

4.     The Court hereby preliminary approves the Settlement, subject to further consideration at a hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on **Monday, March 16, 2015 at 10:00 a.m.** for the following purposes:

(a)     to determine finally whether the Litigation satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

(b)     to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)     to determine finally whether the Order and Final Judgment as provided under the Settlement Stipulation should be entered, dismissing the Complaint on the merits and with prejudice, and to determine whether the release by the Class of the Released Parties, as set forth in the Settlement Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute Settled Claims extinguished by the release;

(d)     to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)     to consider the application of Class Counsel for an award of Attorneys' Fees and Expenses and an award to the Class Representatives;

(f)     to consider any Class Members' objections to the Settlement, whether submitted previously in writing or presented orally at the Settlement Hearing by Class Members (or by counsel on their behalf); and

(g)     to rule upon such other matters as the Court may deem appropriate.

5.     The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded Attorneys' Fees and Expenses.

6.     The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Parties and without further notice to the Class where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

7.    The Court approves the form, substance and requirements of (a) the Notice, (b) the Summary Notice and (c) the Proof of Claim and Release Form, all of which are exhibits to the Settlement Stipulation.

8.    Class Counsel has the authority to enter into the Settlement on behalf of the Class and is authorized to act on behalf of the Class Members with respect to all acts or consents required by or that may be given pursuant to the Settlement Stipulation or such other acts that are reasonably necessary to consummate the Settlement Stipulation.

9.    Strategic Claims Services is appointed and approved as the Claims Administrator for the Settlement Stipulation.

10.    Class Counsel, through the Claims Administrator, shall cause the Notice and the Proof of Claim and Release Form, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, within sixteen (16) calendar days of the entry of this Order, to all Class Members who can be identified with reasonable effort by the Class Counsel, through the Claims Administrator.

11.    Escrow Agents are ordered to establish a Notice and Administration Account (as defined in the Settlement Stipulation) of $100,000 (One Hundred Thousand Dollars), which may be drawn upon by Class Counsel for Notice and Administration Expenses. If the Notice and Administration Expenses are greater than $100,000, any additional amount needed to pay them may, with Court approval upon noticed motion, be paid from the Gross Settlement Fund to the Notice and Administration Account in order to cover the deficiency.

12.    Defendants and any and all issuers, securities firms or transfer agents holding transfer records which indicate the legal owners of Catalyst common stock who are potential member of the Class are hereby ordered to produce such transfer records in a usable electronic

format, including as an Excel spreadsheet, to Class Counsel or the Claims Administrator within seven (7) calendar days of receipt of a copy of this Order.

13.     Class Counsel, through the Claims Administrator, shall take all reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities that purchased Catalyst common stock during the Class. Period as record owners but not as beneficial owners.  Such nominee purchasers are directed to forward copies of the Notice and Proof of Claim and Release Form to their beneficial owners or to provide the Claims Administrator with lists of the names and last known addresses of the beneficial owners and the Claims Administrator is ordered to send the Notice and Proof of Claim and Release Form to such beneficial owners within seven (7) calendar days of receipt of a copy of this Order. Additional copies of the Notice shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Notice and Administration Account, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim and Release Form to beneficial owners.

14.     Class Counsel shall, at or before the Settlement Hearing, serve upon counsel for Defendants and file with the Court, proof of mailing of the Notice and Proof of Claim and Release Form, both to Class Members and to nominees.

15.     Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within sixteen (16) calendar days after the entry of this Order. Class Counsel shall, at or before the Settlement Hearing, serve upon counsel for Defendants and file with the Court proof of publication of the Summary Notice.

16.     The forms and methods set forth herein of notifying the Class of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

17.     In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

(a)     A properly completed and executed Proof of Claim and Release Form must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than sixty (60) calendar days from the date of this Order. Such deadline may be further extended by Order of the Court. Each Proof of Claim and Release Form shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim and Release Form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim and Release Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Administrator at the address designated in the Notice.

(b)     The Proof of Claim and Release Form submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in

a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be provided with the Proof of Claim and Release Form; and (iv) the Proof of Claim and Release Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim and Release Form, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim and Release Form that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

(d)     As part of the Proof of Claim and Release Form, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Settlement Stipulation. No discovery shall be allowed on the merits of the Litigation or Settlement in connection with processing of the Proof of Claim and Release Forms, nor shall any discovery from or of Defendants be allowed on any topic.

18.     All Class Members who do not submit valid and timely Proof of Claim and Release Forms will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects by subject to and bound by the provisions of the Settlement Stipulation and the Order and Final Judgment, if entered.

19.     Class Members shall be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than twenty one (21) calendar days prior to the Settlement Hearing on **Monday, March 16, 2015**, to the addresses listed in the Notice. Such request for exclusion shall clearly indicate the name and address and phone number and e-mail contact information (if any) of the person seeking exclusion, state that the sender specifically requests to be excluded from the Class, and must be signed by such person. Such persons requesting exclusion are also required to specify all their purchases and sales of Catalyst common stock during the Class Period, including the date, number of shares and price of the shares purchased or sold. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise

accepted by the Court. Class Counsel may contact any person or entity filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

20.     Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund.

21.     The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the application for Attorneys' Fees and Expenses and any payment to the Class Representatives, only if such comments or objections and any supporting papers are served to be received at least fourteen (14) calendar days prior to the Settlement Hearing on **Monday, March 16, 2015**, upon each of the following:

CLASS COUNSEL:

Laurence M. Rosen, Esq.
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016

COUNSEL FOR DEFENDANTS:

Brian P. Miller, Esq.
Samantha J. Kavanaugh, Esq.
AKERMAN LLP
One Southeast Third Avenue
25th Floor
Miami, FL 33131

and the objector has (by that same date) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, Southern District of Florida, 400 North Miami Avenue, Miami, FL 33128. All such objections must contain the Class Members' (1) name, address, and telephone number, (2) a list of all purchases and sales of Catalyst common stock during the Class Period in order to show membership in the Class, (3) all grounds for the objection, including any legal support, and (4)

the number of times the Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary but persons wishing to be heard orally in opposition to the approval of the Settlement Stipulation, the Plan of Allocation, and/or the application for Attorneys' Fees and Expenses and any payment to the Class Representatives are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

22. Any Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, the application for an award of Attorneys' Fees and Expenses, or a payment to the Class Representatives in this or any other action or proceeding, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Settlement Stipulation and by all proceedings, orders and judgments in the Litigation; and shall also be foreclosed from appealing from any judgment or order entered in this Litigation.

23.     The Court reserves the right to adjourn the Settlement without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Class.

24.     All papers in support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to the Class Representatives shall be filed and served twenty-eight (28) calendar days before the Settlement Hearing.

25.     Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or payments to the Class Representatives shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

26.     Neither Defendants nor Defendants' Counsel (except in their role as Escrow Agent) shall have any responsibility for the Plan of Allocation or any application for Attorneys' Fees or Expenses or payments to the Class Representatives submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement Stipulation.

27.     Pending final determination of whether the Settlement should be approved, all Class Members, and each of them, and anyone acting or purporting to act for any of them, shall be enjoined from commencing, prosecuting, or attempting to prosecute any Settled Claims against any Released Party in any court or tribunal or proceeding.    Unless and until the Settlement Stipulation is cancelled and terminated pursuant to the Settlement Stipulation, all proceedings in the Litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Stipulation, are hereby stayed and suspended until further order of the Court.

28.     All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Settlement Stipulation and/or further order of the Court.

29.     In the event the Settlement is not consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order, shall be null and void, of no further force or effect, and without prejudice to any Party, and neither the Settlement Stipulation nor the fact of the Settlement, nor any negotiations, statements or proceedings in connection therewith, shall be construed as, or deemed to be evidence of, an admission or concession on the part of any of the Class Representatives, any Class Member, Defendants, or any other person, of any liability or wrongdoing by them, or any of them, and shall not be introduced as evidence or referred to in any action or proceedings by any person or entity, or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Class Representatives, any Class Member, or any other person, has or has not suffered any damage, and each party shall be restored to his, her or its respective position as it existed before the execution by the Parties of the Memorandum of Understanding dated October 23, 2014, pursuant to the terms of the Settlement Stipulation.

30.     The Court retains exclusive jurisdiction over the action to consider all further matters arising out of, or relating to, the Settlement Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim and Release Form submitted and any future requests by one or more of the Parties that the Order and Final Judgment, the Release and/or the permanent injunction set forth in the Settlement Stipulation be enforced.

DONE AND ORDERED in Chambers in Miami, Florida, this 2 day of December, 2014.

UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf