## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:13-cv-23878-UU
Judge: Hon. Ursula Ungaro

| |
|---|
| LUIS ARANAZ and JARED PEREIRA, individually, and on behalf of all others similarly situated, |
|      Plaintiffs, |
|      vs. |
| CATALYST PHARMACEUTICAL PARTNERS INC., and PATRICK J. MCENANY, |
|      Defendants |

## ORDER AND FINAL JUDGMENT

On the 16th day of Mar , 2015, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated November 21, 2014 (the "Settlement Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against Catalyst Pharmaceutical Partners, Inc. ("Catalyst") and Patrick J. McEnany (with Catalyst, the "Defendants") in the Litigation, including the release of the Settled Claims against the Released Parties, and should be approved; (2) whether judgment should be entered dismissing this Litigation with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Class Members; (4) whether and in what amount to award Class Counsel as fees and reimbursement of expenses; and (5) whether and in what amount to award Class Representatives as incentive fees.

The Court having certified a Class in this action by order dated September 29, 2014;

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Granting Class Representatives' Motion for Preliminarily Approval of Class Action Settlement ("Preliminary Approval Order") was mailed to all reasonably  identifiable Class Members; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

2

1.     All capitalized terms used herein have the same meanings as set forth and defined in the Stipulation.

2.     The Court has jurisdiction over the subject matter of the Litigation, Class Representatives, all Class Members, and the Defendants.

3.     The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all persons or entities that purchased Catalyst Pharmaceutical Partners Inc. common stock during the period from August 27, 2013, through October 18, 2013, and who did not sell such securities prior to October 18, 2013, excluding: Defendants; any entities affiliated with Catalyst; the present and former officers and directors of Catalyst or any subsidiary or affiliate thereof; members of such excluded persons' immediate families and their legal representatives, heirs, successors or assigns; and any entity in which any excluded person has or had a controlling interest (the "Class"). Additionally excluded from the Class are those persons who file valid and timely requests for exclusion in accordance with this Order.

4.     Pursuant to the Court's order dated September 29, 2014, and the Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice. No Class Member is relieved from the terms and conditions of the Settlement, including the releases

provided for in the Settlement Stipulation, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Class Members are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

5.      The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class. Class Representatives and the Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Stipulation.

6.      The Litigation and the Complaint are hereby dismissed with prejudice and without costs.

7.      Class Representatives and all Class Members, on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, legal representatives, and assigns, hereby release and forever discharge the Released Parties from any and all Settled Claims. Class Representatives and all Class Members, and anyone acting or purporting to act for any of them, are hereby permanently and forever enjoined from prosecuting or attempting to prosecute any and all Settled Claims against the Released Parties. Class Representatives and Class Counsel shall be deemed hereby to permanently covenant to refrain from instituting, commencing or prosecuting either directly, indirectly, derivatively, representatively, or in any other capacity, all Settled Claims against any of the Released Parties.

8.      Each Defendant, including any and all of their respective successors in interest or assigns, hereby releases and forever discharges any and all Defendants' Claims against the Class

Representatives, any of the Class Members, and any of their counsel, including Class Counsel for the Class and any counsel working under Class Counsel's direction.

9.      The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Class Members, and Class Counsel and the Claims Administrator are directed to administer the Settlement Stipulation in accordance with its terms and provisions.

10.      To the full extent provided by Section 21D(f)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(f)(7), and the common law of the U.S. Court of Appeals for the Eleventh Circuit, all claims including, but not limited to, claims for contribution, indemnification or equitable indemnification against any party or third person, including, but not limited to, any trustee appointed in a Chapter 7 or 11 bankruptcy proceeding, a receiver, an assignee for the benefit of creditors, or any similar successor related, directly or indirectly, to the facts of this Litigation shall be permanently barred and discharged.  Further, nothing in the Settlement Stipulation shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

11.      The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12.      Neither this Order and Final Judgment, the Settlement Stipulation, nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with them shall be:

(a)      referred to, offered, or used against the Defendants as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by the Class

5

Representatives or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing of any of the Defendants;

(b)     referred to, offered, or used against the Defendants as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant, or against the Class Representatives and the Class as evidence of any infirmity in the claims of the Class Representatives and the Class;

(c)     referred to, offered, or used against the Defendants as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants that the Class or any class may be certified in the Litigation;

(d)     referred to, offered, or used against the Class Representatives and the Class as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by the Class Representatives or the Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount;

(e)     referred to, offered, or used against the Defendants or against the Class Representatives or the Class as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

6

(f)     used or construed as an admission of any fault, liability or wrongdoing by
any person or entity, or offered or received in evidence as an admission, concession,
presumption or inference against any of the Defendants in any proceeding other than such
proceedings as may be necessary to consummate or enforce the Settlement Stipulation.

13.     Other than otherwise provided herein or in the Settlement Stipulation, all funds
held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the
jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the
Settlement Stipulation and/or further order of the Court.

14.     Exclusive jurisdiction is hereby retained over the Parties and the Class Members
for all matters relating to the Litigation, including the administration, interpretation, effectuation
or enforcement of the Settlement Stipulation–and this Order and Final Judgment, and including
any application for fees and expenses incurred in connection with administering and distributing
the settlement proceeds to the Class Members.

15.     Without further order of the Court, the Defendants and Class Representatives may
agree to reasonable extensions of time to carry out any of the provisions of the Settlement
Stipulation.

16.     There is no just reason for delay in the entry of this Order and Final Judgment and
immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the
Federal Rules of Civil Procedure.

17.     The finality of this Order and Final Judgment shall not be affected, in any manner,
by rulings that the Court may make on Class Counsel's application for an award of Attorneys'
Fees and Expenses or an award to the Class Representatives.

18.     Class Counsel are hereby awarded $33\frac{1}{3}$% of the Gross Settlement Fund in fees, which the Court finds to be fair and reasonable, and $ *167,659* in reimbursement of expenses.  Defendants shall have no responsibility for any allocations of attorneys' fees and expenses, and shall have no liability to Class Counsel or any other person in connection with the allocation of attorneys' fees and expenses.  Class Representatives are each hereby awarded $ *10,000*  , which the Court finds to be fair and reasonable.

19.     If the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Settlement Stipulation, or is otherwise terminated, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void (except as provided in paragraphs E.1, 3., 5, G.1, H.2, P.4-7, Q.9-10, and Q.12 in the Settlement Stipulation), and the Parties shall be deemed to have reverted to their respective status prior to the execution of the Memorandum of Understanding dated October 23, 2014 ("MOU") and the Settlement Stipulation, and they shall proceed in all respects as if the MOU and Settlement Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Litigation, and shall revert to their respective positions in the Litigation and in the Eleventh Circuit Court of Appeal, Case No. 14-90021-C, where Defendants filed their Petition for Permission to Appeal from Order Granting Class Certification Pursuant to Federal Rule of Civil Procedure 23(f).

Dated: *Mar. 16*, 2015

HON. URSULA UNGARO
UNITED STATES DISTRICT JUDGE

8